UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHELDON ALLEN a/k/a "Glasses",

    Petitioner,

-vs-

UNITED STATES OF AMERICA,

    Respondent.

00-CR-54E
04-CV-0029E

MEMORANDUM

and

ORDER[1]

---

On January 14, 2004, petitioner Sheldon Allen a/k/a "Glasses", proceeding *pro se*, filed the instant motion pursuant to 28 U.S.C. §2255, seeking to set aside, vacate or correct his sentence. On March 31, 2004 the government filed an answer and memorandum of law in opposition to the motion urging its dismissal. For the reasons stated, petitioner's §2255 motion is denied.

## BACKGROUND

In September 2000, petitioner was charged in a Second Superceding Indictment with, *inter alia*, conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §846. On May 9, 2003 petitioner executed a plea agreement and pled guilty to Count 3 of the Second Superceding Indictment, the crime of conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine, which constitutes a violation of 21 U.S.C. §846. On September 19, 2003, this Court

---

[1] This decision may be cited in whole or in any part.

sentenced petitioner to 169 months of imprisonment and five years of supervised release. Petitioner took no appeal from either his conviction or sentence.

In this motion, petitioner asserts that he was denied the effective assistance of counsel and was "lured" into a sentence of 169 months of incarceration because counsel (1) failed to make various pretrial motions as petitioner instructed him, (2) failed to ensure that he could make a motion for downward departure at the time of his sentencing, (3) failed to adequately explain the consequences of signing the plea agreement and pleading guilty to the charge and (4) colluded with the government in order to obtain petitioner's guilty plea. Petitioner does not seek to withdraw his plea of guilty but rather seeks re-sentencing.

## DISCUSSION

As part of his plea agreement, petitioner waived his right to appeal or collaterally attack his sentence, provided such sentence fell within or below a stipulated range. Specifically, paragraph 17 of the plea agreement provided:

> "The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, above, notwithstanding the fact that the Court may reach the sentence by a Guidelines analysis different from that set forth in this agreement."

Plea Agreement ¶17. Petitioner's sentencing guideline range was specified in Section II, paragraph 11 of the plea agreement:

> "It is the understanding of the government and the defendant that, with a total offense level of 31 and criminal history category of IV, the defendant's sentencing range would be a term of imprisonment of 151 to 188 months, a fine of $15,000 to $4,000,000, and a period of supervised release of 5 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement."

Plea Agreement ¶11.

As stated above, the Court sentenced petitioner to 169 months of incarceration and five years of supervised release. Because petitioner's sentence is within the stipulated guideline range, petitioner explicitly waived any right he may have had to collaterally attack his sentence by means of a §2255 motion. *See Garcia-Santos* v. *United States*, 273 F.3d 506, 509 (2d Cir. 2001); *Mercedes* v. *United States*, 2002 WL 1974050, at *2 (S.D.N.Y. 2002). Even in the absence of this explicit waiver, petitioner is precluded from collaterally attacking his sentence by his waiver of the right to appeal therefrom. *United States* v. *Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995).

Petitioner does not specifically allege that the waiver of his right to appeal or collaterally attack his sentence was not knowing and voluntary. Rather, petitioner contends that his attorney failed to explain the consequences of his plea. Such assertion is belied by the fact that petitioner signed the plea agreement which clearly sets forth the range of imprisonment petitioner faced

upon his plea of guilty. Nevertheless, the Court has reviewed the transcript and its own notes of petitioner's plea colloquy and finds that all requirements of Rule 11 of the Federal Rules of Criminal Procedure were satisfied and that petitioner's waiver was knowing and voluntary. At the plea proceeding the Court reviewed the written plea agreement with petitioner. Petitioner agreed with and admitted to the factual basis for the charge to which he pled guilty. *See* Plea Transcript at 4. He also indicated that he understood that his sentence would be determined in accordance with the Sentencing Guidelines. *Id*. at 6. The Court ensured that petitioner understood that he had a right to have a jury determine whether or not he was guilty of the crime charged and that his guilt would have to be proved beyond a reasonable doubt. Petitioner further acknowledged that, by pleading guilty to the charge, he was waiving his right to have his case determined by a jury and was waiving the right to appeal his conviction. *Id*. at 8.

To permit petitioner to collaterally attack his plea under §2255 would be to condone an obvious circumvention of the plea agreement wherein petitioner bargained away his right to appeal or collaterally attack his sentence. Such cannot be permitted. As Second Circuit Court of Appeals has stated, "[t]he government, [the] court, the public, *and* criminal defendants have legitimate interests in the integrity of the plea bargaining process and the finality of the sentences thus imposed." *Pipitone*, supra at 39 (citations omitted). It is well settled that "the waiver provision is a very important part of the [plea] agreement

— the Government's motivating purpose, decreased effort and expense of protracted litigation, is not well-met if the defendant is permitted to appeal that to which he has agreed." *United States* v. *Rosa*, 123 F.3d 94, 97 (2d Cir. 1997).

Petitioner cannot escape the waiver provision by dressing up his claims as a violation of the Sixth Amendment right to effective assistance of counsel. Petitioner is in reality challenging the correctness of his sentence under the Sentencing Guidelines, and is therefore barred by the plain language of the waiver contained in his plea agreement with the government. The Court will not allow petitioner to assert a claim of ineffective assistance of counsel in order to circumvent the unequivocal waiver of his right to appeal or collaterally attack his conviction or sentence, as set forth in the plea agreement, and knowingly and voluntarily acknowledged in open court at the time of his plea. To do so would render the terms of such waiver provisions meaningless and unenforceable. *See United States* v. *Djelevic*, 161 F.2d 104, 107 (2d Cir. 1988).

Notwithstanding the fact that petitioner waived his right to appeal or collaterally attack his sentence, the Court has reviewed petitioner's claims of error and finds them without merit. Petitioner claims that his attorney was ineffective because he (1) failed to make several pre-trial motions seeking discovery from the government and seeking the suppression of evidence; (2) failed to preserve petitioner's right to make a motion for downward departure at the time of sentencing, (3) failed to adequately explain the consequences of signing the plea

agreement and pleading guilty and (4) acted in concert with the government to "lure" petitioner into the sentence imposed.

All of petitioner's arguments center on the alleged ineffectiveness of his counsel. Once a petitioner has pled guilty, "[he] may only challenge the voluntary and intelligent nature of the guilty plea by showing that the advice [he] received from counsel was not within acceptable standards." *Tollett* v. *Henderson*, 411 U.S. 258, 267 (1973). In order to prove that counsel was Constitutionally ineffective, petitioner must show (1) that counsel's conduct fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See United States* v. *Coffin*, 76 F.3d 494, 497-98 (2d Cir. 1996). Furthermore, "judicial scrutiny of counsel's performance must be highly deferential." *Strickland* v. *Washington*, 466 U.S. 668, 689 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance *** that, under the circumstances, the challenged action might be considered sound trial strategy." *Ibid*. (internal quotations and citations omitted). Petitioner has failed to satisfy either prong of the *Strickland* test.

Petitioner alleges that he asked counsel to file motions seeking discovery and "Jencks material" and seeking to suppress certain evidence but counsel failed to do so. Counsel's failure to file the motions thought necessary by the

petitioner is not a breach of duty. Petitioner has failed to specify what discovery he sought, other than "Jencks" material, and counsel's decision not to file such motions may well have been one of strategy. Indeed, while petitioner claims counsel should have sought disclosure of Jencks material, the text of the Jencks Act itself, 18 U.S.C. §3500, reveals that such a motion is meritless. Under the Jencks Act, the government cannot be compelled to disclose statements made by a government witness until such time as that witness has testified on direct examination at the trial of the case. *See* 18 U.S.C. §3500(a); *see also* Federal Rule of Criminal Procedure 26.2. Counsel's failure to file a meritless motion is not ineffective assistance. Similarly, petitioner has advanced no argument to support his contention that counsel should have made a motion to suppress "physical, oral and tangible, identification, audio-recorded conversational evidence."

The Court is perplexed by petitioner's next claim. In his various pleadings petitioner makes three related — but inconsistent — arguments concerning a downward departure motion. First, in his §2255 motion papers, petitioner claims that counsel failed to preserve his right to move for a downward departure at the time of sentencing. Next, in a separate "Motion for Correction of Sentence" which was filed contemporaneously with the §2255 motion, petitioner contends that "counsel advised the [petitioner] only a few minutes prior to [petitioner's] appearance for signing and entering into Plea agreement bargain before this honorable court that the United States Attorney had agreed to [petitioner's] right

to file Downward Departure motions and thus giving [petitioner] hope for a lower level on the sentencing Guideline chart." *See* Aff. in Supp. of Mot. for Correction of Sentence ¶3. Finally, in his traverse, petitioner contends that he was coerced into pleading guilty by the "promise" of a downward departure and that he indicated his disagreement with the relevant conduct contained in the plea agreement in a May 6, 2003 letter to the Assistant United States Attorney.[2] *See* Traverse at 3-4.

The Court finds no merit in any of petitioner's contentions regarding a downward departure. First, even if the right to make a departure motion was not preserved in the plea agreement, the Court's records and the Sentencing Transcript indicate unequivocally that such a motion was made. Therefore, since the motion was made and considered, petitioner's claim of error in the failure to preserve the right to make the motion is moot. Petitioner's claim that he was "promised" a downward departure is contradicted by his own prior argument that counsel advised him that he would make such a motion, thus giving petitioner "hope" for a lower sentence. The claimed "promise" is further contradicted by petitioner's own words at the time of his sentencing. At that time, petitioner stated:

> "And as I said, I asked [counsel] if there was some way that they could go - - that's why I asked for the departure, because I was trying

---

[2] Although he contends that he objected to the quantity of cocaine with which he was charged in a May 6, 2003 letter to the government, any such objection is mooted by his admission on May 9, 2003 to the conduct charged.

> to get down to at least the ten-year minimum. And that's actually what I sent to Mr. Karaszewski in the letter, that I was perfectly happy with the ten-year statutory minimum."

Sentencing Transcript at 6. Finally, as indicated, counsel did file and argue a motion for downward departure at the time of sentencing. That the Court rejected counsel's arguments concerning the necessity for a downward departure does not indicate ineffectiveness on the part of counsel. Although there seemed to be a dispute as to whether such motion was properly filed, it is clear that the motion was made and argued but denied by the Court. These facts fail to demonstrate ineffective assistance of counsel.

Likewise, the Court finds no support for petitioner's final two assertions — *i.e.*, that counsel failed to adequately explain the consequences of petitioner's guilty plea and that petitioner's counsel collaborated with the government to "lure" petitioner into the sentence imposed. Petitioner fails to allege any facts to support his contention that counsel failed to explain the consequences of his plea. Moreover, his argument is belied by his statements at the time he entered his guilty plea and at the time of sentencing. Specifically, at sentencing petitioner stated:

> "Well, sir, I'm a little nervous right now, but all I can say is all through this Mr. Karaszewski, he's been fair with me. I'll give him he's been fair. I've got a few points of law that I would like to argue with him, but other than that he's been extremely fair with me. All the agents have been fair with me. *My lawyer's been fair with me.*"

Sentencing Transcript at 5 (emphasis added).

Petitioner's final assertion that his attorney collaborated with the government in order to obtain his guilty plea is unsupported by the record. In exchange for petitioner's guilty plea, counsel negotiated for the government's withdrawal of an information it had filed pursuant to 21 U.S.C. §851 wherein the government had asserted petitioner's prior conviction for 5th Degree Criminal Possession of a Controlled Substance and whereby the government could have sought enhanced penalties pursuant to 21 U.S.C. §841(b)(1)(A). Such agreement resulted in petitioner's avoidance of a 20-year statutory mandatory minimum period of incarceration — a substantial benefit. Therefore, counsel's performance cannot be said to be Constitutionally ineffective or unreasonable.

Finally, even if counsel's conduct could be considered Constitutionally ineffective, petitioner has failed to even allege — much less show — a reasonable probability that, but for these alleged errors, he would not have pled guilty and would have gone to trial.

## **CONCLUSION**

For the reasons stated, it is hereby **ORDERED** that petitioner's §2255 motion is denied. The Clerk of the Court is directed to take all steps necessary to close this case.

The Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right and therefore a certificate of appealability will not be issued. 28 U.S.C. §2253(c)(2).

The Court certifies pursuant to 28 U.S.C. §1915(a)(3), that any appeal from this judgment would not be taken in good faith, and therefore denies leave to appeal *in forma pauperis*.  Further requests to proceed on appeal *in forma pauperis* must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

DATED:   Buffalo, N.Y.

   October 17, 2005

                                              /s/ John T. Elfvin
                                              JOHN T. ELFVIN
                                              S.U.S.D.J.